UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEPHEN JEANDRON, ET AL**            **CIVIL ACTION**

**VERSUS**            **NO. 24-681**

**CHUBB EUROPEAN GROUP SE**            **SECTION: "P" (5)**

## ORDER AND REASONS

Before the Court is the Motion to Dismiss[1] filed by Defendant Chubb European Group SE. The motion was set for submission on June 26, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance June 18, 2024. Plaintiffs, Stephen Jeandron and Theresa Humpal, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 10.
[2] R. Doc. 10-3.
[3] This action was originally filed in state court on August 29, 2023. Under Louisiana Code of Civil Procedure article 1201(C), "Service of the citation shall be requested on all named defendants within ninety days of commencement of the action." Plaintiff did not pay the fees for service until November 29, 2023. Service of the Petition and citation in the state court action were made on Defendant on February 22, 2024, by service on the Secretary of State for the State of Louisiana. The state court action was removed to this Court on March 19, 2024. Defendant then filed the instant motion to dismiss based on Plaintiffs' insufficient service of process pursuant to Federal Civil Procedure 12(b)(5). Defendant contends Plaintiff failed to timely pay the service fee and as such failed to timely request service as required by Louisiana Code of Civil Procedure article 1201. *See* R. Doc. 10-1; *see also Methvien v. Our Lady of the Lake*, 2020-1081 (La. App. 1 Cir. 4/16/21), 318 So. 3d 329, 332 (emphasis added) ("Service of citation is not considered requested until the clerk receives a request for service *and payment of the required fees . . .*."). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *See Holly v. Metro Transit Auth.*, 213 F. App'x. 343, 344 (5th Cir. 2007). Plaintiffs did not oppose or otherwise respond to Defendant's motion. As such, Plaintiffs have failed to show good cause for their delay or provide any other basis why the Court should not dismiss the action for insufficient service of process. The Court therefore finds Defendant's motion should be granted.

**IT IS ORDERED** that the motion is **GRANTED**, and Plaintiffs' claims against Defendant Chubb European Group SE are hereby **DISMISSED** without prejudice.

New Orleans, Louisiana, this 6th day of August 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**